IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD ALAN BAKER,                )
                                  )
            Plaintiff,            )
                                  )
     v.                           )     Case No. 25-3007-JWL
                                  )
KANSAS DEPARTMENT OF AGING        )
AND DISABILITY SERVICES (KDADS);  )
LAURA HOWARD, Secretary of KDADS; )
DR. TIMOTHY WRIGHT,               )
                                  )
            Defendants.           )
                                  )
_____ )

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff, who is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP), acting *pro se*, instituted this action against the Kansas Department of Aging and Disability Services (KDADS), its secretary, and a physician. For his sole claim, plaintiff alleges that the physician defendant operated on plaintiff's knee in June 2023, that plaintiff was not given antibiotics to prevent infection, and that he did suffer an infection and thereby suffered injury. He seeks monetary damages as relief.

First, it appears from the face of the complaint that this Court lacks jurisdiction over this action. Plaintiff alleges that he and the defendants are citizens of Kansas; thus, there is no diversity jurisdiction here under 28 U.S.C. § 1332. Nor does plaintiff state a claim under the United States Constitution or any federal law; thus, there is no federal question jurisdiction here under 28 U.S.C. § 1331. In his form complaint, plaintiff has checked a box indicating that the case "arises because of violation of the civil or equal rights,

privileges, or immunities" of United States citizens pursuant to 28 U.S.C. § 1343; but the complaint contains no allegation that he has been deprived of any particular federal right. *See* 28 U.S.C. § 1343(a)(3) (providing jurisdiction over an action to redress a deprivation, under color of State law, of any right, privilege, or immunity secured by the United States Constitution or federal law). Plaintiff has instead pleaded facts that would support a medical malpractice claim under state law. Indeed, in the complaint plaintiff states that he seeks damages "due to medical mal."

Accordingly, plaintiff must show cause, in a written filing, why this case should not be dismissed for lack of federal jurisdiction. If plaintiff cannot explain how his complaint may be amended to assert a claim over which this Court may exercise jurisdiction, the case will be dismissed. Such dismissal would be without prejudice, so that plaintiff could file the action instead in the appropriate state court.[1]

Second, KDADS, a Kansas state agency, and its secretary are immune from suits for money damages. *See Thayer v. Howard*, 2024 WL 1513514, at *5 (D. Kan. Apr. 8, 2024). Thus, plaintiff may not maintain this action against those defendants.

Third, plaintiff has filed an application to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. That statute provides that a court may authorize the commencement of an action without prepayment of fees by a person who has submitted an

---

[1] The Court considers issues of its jurisdiction *sua sponte*. *See Davis v. Kobach*, 2023 WL 847137, at *3 (D. Kan. June 6, 2023) (Lungstrum, J.); *see also* 28 U.S.C. § 1915(e)(2) (notwithstanding the payment of any filing fee, court may dismiss a case that fails to state a claim); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (court may dismiss *sua sponte* when it is obvious plaintiff cannot prevail on the facts alleged and amendment would be futile).

affidavit stating all assets and demonstrating that the persons cannot pay the fees.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff has not made the required showing, however.  In his application and affidavit, plaintiff has checked the box indicating that he has cash or a bank account, but he has provided no answer when asked the total amount of such assets.  Accordingly, in his response to this order, plaintiff should show cause why this application should not be denied for failure to demonstrate a lack of assets sufficient to prepay the $405 filing fee.  If plaintiff is able to show that this Court has jurisdiction over this matter and he wishes to proceed without prepayment of the fee, plaintiff must submit an amended application and affidavit with the requisite information.

IT IS THEREFFORE ORDERED BY THE COURT THAT plaintiff is required to show cause on or before **February 21, 2025**, why this action should not be dismissed for lack of jurisdiction, and why the application to proceed without prepayment of fees should not be denied.

IT IS SO ORDERED.

Dated this 31st day of January, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3